UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:10-CR-216 CEJ |
| ) | |
| DAVID RUSSELL DARR, JR., ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Pursuant to 28 U.S.C. § 636(b), the Court referred all pretrial matters in this case to United States Magistrate Judge Thomas C. Mummert, III, for determination and recommended disposition, where appropriate. On July 20, 2010, Judge Mummert issued a Memorandum and a Report and Recommendation with respect to the motions filed by defendant David Russell Darr, Jr., to dismiss the indictment and to suppress evidence and statements. The defendant filed timely objections to the magistrate judge's recommendation that his suppression motions be denied. He did not object to the recommendation that his motion to dismiss be denied. The United States filed a response to the defendant's objections. The defendant also requests a further evidentiary hearing which the government opposes.

Pursuant to 28 U.S.C. § 636(b)(1), the Court has reviewed *de novo* the findings and conclusions of the magistrate judge to which objections are made. Specifically, the Court has reviewed the transcript of the evidentiary hearing. the exhibits received into evidence at the hearing, and the video recording of the defendant's interview by the police. Having done so, the Court concludes that the

factual findings made by Judge Mummert are supported by the evidence, and that his legal conclusions are correct.

6. <u>Third search warrant invalid because the first two searches were unconstitutional</u>

7. <u>Defendant's statements were not voluntary</u>

I. **Motion to Suppress Evidence and Statements**

The defendant does not challenge the magistrate judge's factual findings. Indeed, those findings are fully supported by the testimony and the evidence presented a the suppression hearing. Instead, the defendant objects to the magistrate judge's application of the law to the facts. Each objection is addressed below.

A. <u>Staleness of information in the first search warrant</u>

The Court finds that the affidavit filed in support of the first search warrant established probable cause for the February 11, 2010 search of the house the defendant shared with his father, David Darr, Sr. The affidavit describes acts of child molestation committed by Darr, Sr. at the home that were reported to the Marceline, Missouri Police Department in January 2010. The most recent act of molestation occurred in July 2009. However, according to the affidavit, the reason that one of the victims decided to come forward in January was that Darr, Sr. had been making unusually aggressive efforts to contact the victim to persuade him to come back to the house. A second victim reported that Darr, Sr. had driven by his house and

given the victim a "dirty look" on February 9. The information in the affidavit was not stale, as it indicated that Darr, Sr. was continuing in his improper activities with children as late as the day before the warrant was executed.

The defendant contends that the affidavit does not support the conclusion that the items being searched for would be present at the time of the search. According to the affidavit, each act of molestation involved Darr, Sr.'s use of one or more of the items in question---two bathroom brushes and a jar of Vick's Vapor Rub---thus indicating. These are not single-use items, and given the fact that Darr, Sr. used them repeatedly, there was a strong probability that they would still be in the house. Based on the circumstances present in this case, the magistrate judge correctly concluded that the information in the affidavit was not untimely. See United States v. Smith, 266 F.3d 902, 904-05 (8th Cir. 2001)(timeliness of information in a search warrant affidavit depends on the circumstances of the case).

### B. Scope of the first search warrant

The first search warrant authorized the police to search for two bathroom brushes, Vick's Vapor Rub "or some equivalent vapor rub," and indicia of occupancy or ownership of the premises. The police officers did not exceed the scope of the warrant by searching for these items in the defendant's bedroom or in the VCR container located on top the armoire. The warrant did not limit the search to a specific area within the house. Further, the items the police were looking for were of a type that could be found in the areas they searched. The police did not exceed the scope of the warrant. See United States v. Romo-Corrales, 592 F.3d 915, 920

(8th Cir. 2010)(scope of search warrant not exceeded by search of all areas where items listed in the warrant might be found).

### C. Seizure of items in closed containers

"A warrant authorizing officers to seize anything related to indicia of occupancy is quite broad." Id. [quoting United States v. Timley, 443 F.3d 615, 623 (8th Cir. 2006)]. Thus, in Romo-Corrales, the court held that a warrant authorizing a search for "venue evidence" (*i.e.*, mail, bills, receipts or other indicia of a suspect's connection to a residence) permitted officers to search "the laundry hamper, garage, cooler, behind a mirror or picture, behind a dresser, and underneath the bed," because these were areas where such evidence could be located. Id. Likewise, in this case, the search warrant authorized the police to search closed containers in the defendant's room, as these were areas in which the items listed in the warrant could have been concealed.

While searching the defendant's bedroom, the police found digital images of child pornography and small boy's underwear inside a VCR container. The seizure of these items did not violate the Fourth Amendment, as they were found during the course of a lawful search and their incriminating character was immediately apparent. See United States v. Alexander, 574 F.3d 484, 490-91(8th Cir. 2009)(under plain view exception to warrant requirement, police lawfully seized evidence of child pornography found during execution of search warrant for evidence of crime of invasion of privacy).

### D. Nighttime execution of search warrants

The first and second search warrants were issued by a state court judge upon applications made by local law enforcement authorities. There was no federal involvement in either the application or the execution of the search warrants for the defendant's home. Therefore, the provisions of Rule 41 of the Federal Rules of Criminal Procedure are inapplicable in this case.

Even if Rule 41 were applicable, the defendant's reliance on it is nevertheless unavailing. The first search warrant was executed at 9:00 p.m., which is during the daytime hours set forth in Rule 41. The second search warrant (executed at 11:30 p.m.) specifically authorized the officers to search "by day or night." The circumstances supporting the nighttime search (*i.e.*, the unexpected discovery of the images and underwear found in the VCR container during execution of the first search warrant and the need to prevent destruction of evidence) were apparent from the affidavit. Because the judge found probable cause to issue the second search warrant, it was not necessary that the warrant state the specific grounds for authorizing a nighttime search. See United States v. Bieri, 21 F.3d 811, 816 (8th Cir. 1994) [citing United States v. Thomas, 489 F2d 664 (5th Cir. 1973), cert. denied, 423 U.S. 844 (1975)]. Further, the defendant has not shown that he suffered any prejudice by reason of the nighttime search. Therefore, the Court agrees with the magistrate judge in concluding that the timing of the execution of the search warrants was not unreasonable and did not violate the Fourth Amendment.

### E. Invalidity of second search warrant

Upon review, the Court finds that the information set forth in the affidavit established probable cause for the issuance of the second search warrant. As

discussed above, the search of the defendant's room and the seizure of the items found in the VCR container did not violate the Fourth Amendment. The fact that the second search warrant was based on information obtained during the first search did not render it invalid and did not violate the Fourth Amendment.

### F. Invalidity of third search warrant

The affidavit submitted by FBI Special Agent Keith Kohne contained facts establishing probable cause to believe that images of child pornography would be found on the San Disk memory card and videotapes. Further, as discussed above, the Fourth Amendment was not violated by the execution of the searches during which the memory card and videotapes were discovered.

### G. Voluntariness of defendant's statements

The evidence establishes that the defendant was not in custody until after the second search was completed and he was placed under arrest. After being transported to the police station, the defendant was given the Miranda warnings, both orally and in writing. Miranda v. Arizona, 384 U.S. 436 (1966). The defendant understood the warnings and indicated his willingness to waive his rights to remain silent and to counsel. The video recordings of the interview by police support the finding that the defendant was not confused about the purpose of the investigation. The recordings also support the finding that no threats, promises or coercion of any kind was used to induce the defendant to make statements. The defendant's oral and written statements were made voluntarily, and will not be suppressed.

II.  **Request for Supplemental Evidentiary Hearing**

As noted above, the defendant does not dispute the facts found by the magistrate judge.  The parties have had ample opportunity to present all witnesses and exhibits relevant to the suppression issues.  Speculation about additional testimony and exhibits that may relevant is not an adequate ground for reopening the hearing.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation of United States Magistrate Judge Thomas C. Mummert, III [Doc. 35] is sustained, adopted, and incorporated herein.

**IT IS FURTHER ORDERED** that the motions of defendant David Russell Darr, Jr., to dismiss the indictment [Doc. 20] and to suppress evidence and statements [Doc. 21] are **denied**.

**IT IS FURTHER ORDERED** that the defendant's request for a supplemental evidentiary hearing is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 20th day of October, 2010.